[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on November 9, 1991 and separated on April 17, 1993, about seventeen months later. They have one child, Chelsea Marie Juliano, who was born on June 6, 1992. She is now twenty-two months old.
By an agreement dated July 22, 1993, approved by the court (Moran, J.) pendente lite, sole legal custody was granted to the defendant wife with reasonable visitation to the plaintiff husband on Sunday from 8:00 a.m. to 6:00 p.m. and on Wednesday from 5:00 p.m. to 7:00 p.m. In December 1993, the husband questioned his paternity, but blood tests performed on the parties established that he is the father. For about the past three months, the father has not exercised his visitation rights. He claims the mother prevented him from seeing the child, which she denied. It is undisputed that the mother has been the primary caretaker since the child's birth to the present time, providing for the child's feeding, clothing, bathing, protection, health and other basic needs on a daily basis.
The court finds the wife has been the child's primary caretaker, and it is in the child's best interest that she continue. Therefore, the court enters the following orders regarding custody:
1. The mother is granted sole legal and physical custody of the child, Chelsea Marie Juliano, born June 6, 1992, with reasonable and flexible visitation to the father as provided in the agreement of the parties dated July 22, 1993, approved and ordered by this court (Moran, J.) pendente lite.
The primary marital asset in dispute is a jointly owned building lot purchased on November 5, 1992, about one year after the marriage, for $80,000 with a $50,000 cash down payment and a $30,000 mortgage from People's Bank. The court finds that the husband contributed $50,000 from his personal funds consisting of CT Page 3181 over $47,000 from savings he earned prior to the marriage and $7,250 from a winning lottery ticket.
After considering all the testimony and evidence and the criteria in 46b-81 of the General Statutes (the assignment of title statute), the court enters the following order regarding the marital property:
2. The wife shall quitclaim her interest in the real estate located on Kathleen Drive, Stratford, Connecticut, to the husband who shall be solely responsible for the $30,000 note and mortgage owed to People's Bank and shall hold the wife harmless from any and all liability on this mortgage.
After considering all the statutory criteria in General Statutes 46b-81 (the assignment statute), 46b-82 (alimony statute) and 46b-62 (attorney's fees statute), the case law and all the evidence and testimony, the court enters the following additional orders:
3. The marriage is dissolved on the ground of irretrievable breakdown.
4. No alimony shall be awarded to either party. From the testimony and financial affidavits, the wife has present net weekly earnings of $210 as a computer operator and the husband earns $576 as a union plumber. He is now 34 years of age and she is 30. Both are in good health and working; therefore, able to support themselves.
5. Child Support: The husband shall pay the wife $150 a week, which is presently in accordance with the Child Support Guidelines, until the child is eighteen years of age. An immediate wage withholding order shall enter. Both parties shall execute and file with the court an Advisement of Rights form. 52-362.
6. Medical Insurance: Both parties shall carry any medical and/or dental health insurance policies available through their employment for the benefit of the minor child. The wife shall have the benefit of 46b-84(c) of the General Statutes in filing medical claims with employers as the custodial parent. Any unreimbursed medical and dental expenses shall be divided equally between the parties. CT Page 3182
7. Day Care: The costs of day care for the minor child, presently $110 a week, shall be divided equally between the parties.
8. The husband shall transfer title to the 1986 El Camino automobile to the wife, and she shall transfer title of the 1980 Oldsmobile to the husband. The husband shall retain title to his 1991 motorcycle.
9. The husband shall retain all rights to the pension fund listed on his financial affidavit.
10. The wife shall retain all furnishings and furniture, including all antiques, and jewelry and personal effects. The husband shall retain his own personal property.
11. Each party shall be responsible for the debts listed on his/her respective affidavit and hold the other harmless on said debts.
12. The $3,000 being held in escrow by the husband's attorney from the sale of his 1978 motorcycle shall be divided $2,000 to the wife and $1,000 to the husband pursuant to 46b-81.
13. Each party shall pay his/her own attorney's fees.
14. Each party shall indemnify and hold the other harmless for all income taxes on any jointly filed returns, and the husband will receive the tax exemption for the minor child.
Judgment shall enter in accordance with the foregoing orders.
ROMEO G. PETRONI, JUDGE